UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bobby Taylor, | Civil Action No.: 3:10-713-CMC |
| Plaintiff, | OPINION AND ORDER ON MOTIONS FOR DEFAULT AND TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| Knoxville Trucks, Inc., Tennessee Commerce Bank, Great American Insurance Group, and Commercial Insurance Services, LLC, | |
| Defendants. | |

**Introduction**

This matter is before the court on motions of Defendant Tennessee Commerce Bank ("Bank") for entry of default and to dismiss or for judgment on the pleadings. Dkt. Nos. 32 & 33. For the reasons set forth below, the motion to dismiss or for judgment on the pleadings is granted, and Plaintiff's claims made against the Bank are dismissed with prejudice. The Bank's motion for entry of default is granted. Plaintiff Bobby Taylor ("Taylor") may, however, file a motion for relief from default subject to the instructions in Section II of this order.

**I.   Motion to Dismiss or For Judgment on the Pleadings**

   A.   STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is assessed under the same standard as a Rule 12(b)(6) motion. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to

relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302); *see also* Wolman v. Tose, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present.").

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff must include more than mere conclusory statements in support of his claims. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003) (holding that "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief.").

B.     BACKGROUND

Plaintiff, Bobby Taylor ("Taylor"), initiated this action by filing a complaint in state court on February 25, 2010. This action was removed to the United States District Court pursuant to 28 U.S.C. §1332 (diversity). The Complaint asserts multiple causes of action against four Defendants including the moving Defendant here, Tennessee Commerce Bank ("Bank"). Subsequent to removal, Taylor settled with two of the original Defendants leaving only the Bank and Knoxville Trucks, Inc. ("Knoxville Trucks") as Defendants. Dkt. No. 28.

The Complaint alleges that Taylor purchased a vehicle from Knoxville Trucks, financed the purchase through the Bank, and insured the vehicle through the two now-dismissed Defendants ("Insurance Companies"). Dkt. No. 1-1. The Complaint further alleges that the vehicle was stolen shortly after this purchase. *Id.* After receipt of the insurance claim, the Insurance Companies each determined the value of the vehicle to be roughly one-third of the purchase price. The resulting

insurance payments were, therefore, insufficient to cover the sales price, leaving Taylor unable to repay his loan from the Bank.

Taylor asserts a total of nine causes of action. Only two are explicitly asserted against the Bank: negligence and breach of contract. *Id.* ¶¶ 23-25, 34. Four causes of action are, however, asserted against "all Defendants": violation of South Carolina Unfair Trade Practices Act, common law fraud and misrepresentation, break [*sic*] of duty of good faith and fair dealing, and unconcionability [*sic*]. *Id.* ¶¶ 37-57.[1] These six causes of action are discussed below.

C. DISCUSSION

1. Negligence

Taylor advances two theories in support of his negligence cause of action against the Bank. First, he asserts that the Bank was "negligent in not insuring [*sic*] that the vehicle was insured for the full loan amount . . . [and] in making a loan to Plaintiff for an amount this Defendant KNEW OR SHOULD HAVE KNOWN was NOT the actual value of the vehicle at the time of purchase." Dkt. No. 1-1 ¶ 23. Second, he asserts that the Bank "was negligent in loaning Plaintiff an amount far in excess of the value of the collateral for the loan." *Id.* ¶ 24. These theories are premised on assumptions that the Bank owed Taylor duties to do each of the following: (1) determine the value of the purchased vehicle (collateral); (2) refrain from loaning any amount in excess of that value; and (3) obtain insurance on Taylor's behalf for the value of the vehicle. In support of these theories, Taylor alleges the following facts: (1) he entered into an agreement with the Bank to borrow the full sales price of the vehicle (*Id.* ¶ 15); (2) the Bank had experience providing loans for vehicles similar

---

[1] The three remaining causes of action are asserted against the Insurance Companies and Knoxville Trucks.

to his vehicle and, therefore, knew or should have known the actual value of the vehicle at the time of financing (*Id.* ¶ 23); and (3) the Bank was aware of the insurance policy Taylor had on the vehicle and made a loan in excess of what that policy would cover as a result of "principal/agent arrangements between Defendant Knoxville Trucks, Defendants Great American and Commercial Ins., and Defendant Bank." *Id.* ¶ 16.

These factual allegations do not support an inference that the Bank owed Taylor any duty other than the contractual duties arising from the loan agreement. Nothing in that agreement suggests duties such as Taylor seeks to impose. Neither has Taylor directed the court to any facts or law supporting an inference that the Bank owed or undertook a duty to limit any loan to the value of the vehicle or to available insurance coverage. Therefore, Taylor's negligence claim fails to meet the *Iqbal* standard because he has failed to allege facts sufficient to give rise to the duties on which his claims relies.[2]

2.  Breach of Contract

---

[2] Under his negligence claim Taylor also asserts that the Bank committed fraud by "making a loan on a vehicle that was not valued at the loan amount." Dkt. No. 1-1 ¶ 25. This may either be intended as a claim for negligent omission or a distinct claim for fraud. If intended as a claim for negligent omission, the claim fails because Taylor has failed to allege facts which would impose a duty on the Bank to provide information relating to the value of the vehicle (including by limiting the loan to the vehicle's value).

To the extent Taylor intends a separate cause of action for fraud, his claim also fails. At most, Taylor's factual allegations allude to possible collusion between the Bank and Knoxville Trucks. These allegations are, however, merely conclusory. Taylor has failed to plead sufficient facts to support any inferences of collusion and thus fails to meet the *Iqbal* standard, which, in this context, requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Taylor has also failed to include allegations that would satisfy the elements of a fraud cause of action. *See Austin v. Stokes-Craven Holding Corp.*, 691 S.E.2d 135, 150 (S.C. 2010) (listing the nine elements of a fraud claim under South Carolina law); *Stanfill v. Mountain*, 201 S.W. 3d 179, 188 (Tenn. 2009) (listing six elements of a fraud claim under Tennessee law).

5

Taylor also asserts that the Bank "Breached [its] Contract with Plaintiff to provide a loan for the value of the vehicle in that this Defendant KNEW OR SHOULD HAVE KNOWN that the loan amount was NOT the actual value of the vehicle at the time of purchase." *Id.* ¶ 34. Factual support for this claim is arguably found in Taylor's allegation that he "borrowed the full sales price of the vehicle from Defendant Bank, who was contacted by Defendant Knoxville Trucks, Inc., who acted as agent for said Bank, and initiated a loan for the full purchase amount of the vehicle." *Id.* ¶ 15. For Taylor to recover on his theory, he would either need to prove that the loan agreement contains a promise that the Bank will not loan Taylor any amount in excess of actual value of the vehicle or prove some other contractual basis for that duty. The Complaint does not, however, contain allegations sufficient to give rise to such a promise.

Even if adequately alleged, such a premise is defeated by the Bank's introduction of the actual loan agreement. Dkt. Nos. 19-1. While, as a general rule, extrinsic evidence is not considered at the 12(b)(6) stage, the court may consider documentary evidence of the terms of a contract if it was integral to and relied on in the complaint, and the plaintiff does not challenge its authenticity. *See Amer. Chiropractic Ass'n v. Trigon Heathcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). In this case, the Bank provided the court with the Promissory Note and the Commercial Security Agreement ("Note" and "Agreement") that the Bank represents constitute the contracts in this case. Dkt. Nos. 19-1 & 19-2. Despite filing a response, Taylor does not challenge the authenticity of these documents. *See* Dkt. No. 37. The court may, therefore, consider these documents in resolving the present motion.

The Note and Agreement state that the Bank promises to lend a certain amount of money to Taylor and that this loan is secured by a security interest in the vehicle purchased from Knoxville

6

Trucks. There is no provision in either document promising that the value of the loan from the Bank will not exceed the actual value of the vehicle. Neither does any provision in either document suggest that the Bank undertakes any responsibility to obtain insurance for the amount of the loan. Because Taylor has not provided any other basis for imposing such a contractual duty, the court grants the Bank's motion to dismiss or for judgment on the pleadings as to the breach of contract claim.

>    3.   Violation of South Carolina Unfair Trade Practices Act, Common Law Fraud and Misrepresentation, Breach of Duty of Good Faith and Fair Dealing, and Unconscionability

As stated above, the causes of action for violation of South Caroline Unfair Trade Practices Act, common law fraud and misrepresentation, breach of duty of good faith and fair dealing, and unconscionability are asserted collectively against all four Defendants. Dkt. No. 1-1 ¶¶ 37-57. Taylor fails to allege with any specificity actions that could support these assertions to the extent asserted against the Bank. Consequently, these four causes of action fail to survive a motion to dismiss or for judgment on the pleadings to the extent asserted against the Bank .

>    D.   DISMISSAL WITH PREJUDICE

For the reasons stated above, the Bank's Motion to Dismiss or for Judgment on the Pleadings is granted. For the reasons stated below, the court concludes dismissal should be with prejudice to assertion of any claim for affirmative relief against the Bank.

In his two-page "Answer(s) and Defense(s) to Motion(s) to Dismiss and Motion for Judgment on the Pleadings," Taylor suggests the existence of facts which, if pleaded with some greater specificity, might support a claim for misrepresentation based on alleged concerted efforts by the Bank and Knoxville Trucks. Had Taylor made a timely and sufficient request to amend the

Complaint to allege such a claim, the court might have been persuaded to make the present dismissal a dismissal without prejudice.[3] However, the Complaint in this case has been pending since February 2010. Dkt. No. 1-1. Taylor was given notice of the Bank's position that the claims were inadequately pled when the Bank filed its answer and counterclaim on April 23, 2010. Dkt. No. 19. The Bank's position as to the inadequacy of Taylor's allegations was confirmed by its motions filed July 8, 2010. Dkt. Nos. 32 & 33.[4] The deadline for seeking amendments expired in the interim without any party seeking to extend this deadline. Neither by motion to amend nor in his response to the Bank's motions has Taylor sought leave to amend.[5] Under these circumstances the court concludes Taylor's claims against the Bank should be dismissed with prejudice.

## II. Motion For Entry of Default

The Bank has also moved for default based on Taylor's failure to timely respond to the Bank's counterclaim. Dkt. No. 32. Taylor filed a single, two-page response to the Bank's two motions. Dkt. No. 37. Nothing in this response suggests that Taylor is not in default. Instead his response confirms that his attorneys, acting on his behalf and well aware of the litigation which they had instituted, failed to timely respond to the counterclaim. Rather than now proffering an answer to the counterclaim or expressly seeking relief from default, Taylor argues that *no answer was required* because the factual allegations of the Complaint are adequate to counter the allegations of the counterclaim. Dkt. No. 37 ¶. The court disagrees. Regardless of the allegations of the

---

[3] To be sufficient, such a motion must attach a proposed amended complaint which must plead the causes of action with sufficient specificity.

[4] The scheduling order in this case has been amended twice. The most recent deadline for amended pleadings was July 23, 2010. Dkt. No. 27.

[5] The suggestion of a claim made in Taylor's "Answer" is only that, a suggestion. It is not clear from any of Taylor's submissions that he has any viable claim or affirmative defenses.

8

Complaint, Taylor was required to answer the counterclaim. The court, therefore, concludes that Taylor is in default.[6]

In order to be relieved from default, Taylor must file a motion to set aside default under Federal Rule of Civil Procedure 55(c). The court will consider such a motion only if received within fourteen calendar days of entry of this order. If Taylor elects to file a motion for relief, he shall address the criteria summarized in the Fourth Circuit's recent decision in *Colleton Preparatory Acad., Inc. v. Hoover.* No. 09-1480, 2010 WL 3042441, at *3 (4th Cir. Aug. 5, 2010) ("whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic"). Taylor shall also attach a proposed answer to the Bank's counterclaim. Taylor may include any defenses otherwise available to him including affirmative defenses based on factual allegations as to which claims for affirmative relief are now barred. *See* Section I *supra*. Taylor is, however, forewarned that any affirmative defense may be subject to a motion to strike if not pled with the requisite specificity.

## Conclusion

For the reasons set forth above, Tennessee Commerce Bank's Motion to Dismiss or for Judgment on the Pleadings (Dkt. No. 33) is granted . This dismissal is with prejudice as to claims for affirmative relief made against Tennessee Commerce Bank. Tennessee Commerce Bank's Motion for Entry of Default (Dkt. No. 32) is granted and default shall be entered on Tennessee

---

[6] In moving for entry of default, the Bank did not verify that Taylor is not a minor, an incompetent person, or currently in the military. While not required for entry of default, such verification or appropriate protection is required before entering a default judgment. Fed. R. Civ. Proc. 55(b); 50 U.S.C. Appendix § 501 *et seq.*

Commerce Bank's counterclaim. Plaintiff Bobby Taylor may, however, file and serve a motion for relief from default in a form consistent with the instructions set forth above. Any such motion shall be deemed waived if not filed by October 21, 2010.

    IT IS SO ORDERED.

                                                              s/ Cameron McGowan Currie
                                                               CAMERON MCGOWAN CURRIE
                                                               UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 7, 2010