UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bobby Taylor, | ) | |
| | ) | Civil Action No.: 3:10-713-CMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| Knoxville Trucks, Inc., Tennessee | ) | |
| Commerce Bank, Great American | ) | |
| Insurance Group, and Commercial | ) | |
| Insurance Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion of Defendant Tennessee Commerce Bank ("the Bank") for default judgment on counterclaim and for attorneys' fees. Dkt. No. 44. In response, Plaintiff Bobby Taylor ("Taylor") filed a motion to dismiss the Bank's motion. For the reasons stated below, the Bank's motion for default judgment and attorneys' fees is granted and Taylor's motion is denied.

**BACKGROUND**

Taylor originally filed this action in South Carolina state court asserting claims against four Defendants, including the Bank. Dkt. No. 1. The action was subsequently removed to federal court on March 19, 2010.[1] *Id*. The Bank filed an answer and counterclaim. Dkt. No. 19. The latter

---

[1] The other three Defendants settled with Plaintiff. The Bank is the only Defendant remaining in this action.

1

sought payment of Taylor's outstanding debt to the Bank under the terms of a signed Promissory Note ("Note") and Commercial Security Agreement ("Security Agreement"). *Id*. ¶¶ 58-72. Taylor failed to timely respond to the counterclaim prompting the Bank to file a motion for entry of default as to the counterclaim pursuant to Federal Rule of Civil Procedure 55(a). Dkt. Nos. 33. The Bank also moved to dismiss Taylor's claims against the Bank or for judgment on the pleadings. Dkt. No. 32. The court granted the Bank's motion to dismiss or for judgment on the pleadings as well as the Bank's motion for entry of default on October 7, 2010. Dkt. No. 38 at 9-10. Taylor's affirmative claims against the Bank were, therefore, dismissed, and Taylor was in default as to the Bank's counterclaim. *Id.*

The court granted Taylor leave to file a motion for relief from default, instructing him that he would need to attach a proposed answer to the Bank's counterclaim if he elected to seek such relief. *Id.* After this order was entered but before the deadline to move for relief from default passed, Taylor settled with the third of the original four Defendants. He advised the court of this settlement by filing a stipulation of dismissal in which he stated that the litigation was over. Dkt. No. 40. The court corrected Taylor in a docket text order, dated October 18, 2010, stating that "this stipulation does not end the litigation as [Taylor] remains in default as to the counterclaim asserted against him by [the Bank]." Dkt. No. 42. When this order was entered, Taylor still had time to seek relief from entry of default. *See* Dkt. No. 38 at 9 (setting an October 21, 2010 deadline for Taylor's motion to set aside default). Taylor failed to make such a motion by the relevant deadline. Dkt. No. 43.

After the deadline for Taylor to seek relief from default passed, the Bank filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), and for attorneys' fees,

2

according to the terms of the Note and Security Agreement referenced above. Dkt. No. 44. Taylor's sole response was a motion to dismiss the Bank's motion. Dkt. No. 46. In support of this motion, Taylor argued that the action between Taylor and the Bank had been dismissed by the court's October 7, 2010 order rendering the Bank's motion moot. Dkt. No. 46. Taylor makes no other arguments against the Bank's motion and, even now, fails to seek relief from his default.

**DISCUSSION**

Taylor is incorrect in his belief that the court's October 7, 2010 order dismissed the entire action between Taylor and the Bank. The court's order dismissed Taylor's claims for affirmative relief against the Bank and directed entry of default as to the Bank's counterclaim against him. Dkt. No. 38 at 9-10. The order did not dismiss the Bank's counterclaim and, in fact, instructed Taylor that he would need to move for relief from default to oppose the counterclaim. Taylor failed to seek such relief and remains in default. As the court previously noted, Taylor's settlement with other parties and dismissal of his claims against the Bank did not impair the Bank's right to proceed with its counterclaim as to which Taylor is in default. The court, therefore, concludes that the Bank properly filed a motion for entry of default judgment in this matter.[2]

**Default Judgment.** The Bank's motion meets all requirements of Federal Rule 55(b) for filing a motion for entry of default judgment as to Taylor's outstanding debt to the Bank.[3] The Bank

---

[2] The Bank also argues that because the deadline to respond to the Bank's motion for entry of default judgment was November 15, 2010, and Taylor did not respond until November 16, 2010, the court should disregard Taylor's response. While the Bank is correct that Taylor's response was late, the court addresses the response on its merits.

[3] The rule states in pertinent part that to enter a default judgment the moving party's claim must be for "a sum certain or a sum that can be made certain by computation" as supported by an affidavit and that the nonmoving party is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). The Servicemembers Civil Relief Act also requires a showing that the nonmoving party

3

seeks the following: (1) $68,525.43, the amount due on the Note and Security Agreement as of October 20, 2010 when default was entered as to Taylor on the counterclaim; (2) *per diem* pre-judgment interest at the rate of $22.89 from October 20, 2010 until the date of judgment; and (3) post-judgment interest at the statutory rate. Dkt. No. 44-2. Taylor has filed no opposition which challenges the propriety of this calculation. In its motion, the Bank has also verified that the defaulting party is not a minor, incompetent person, or an individual entitled to protection under the Servicemembers Civil Relief Act. Dkt. No. 44-1. Thus, the court grants the Bank's motion for entry of default judgment.

**Attorneys' Fees.** In its motion, the Bank also seeks attorneys' fees. The Bank argues that the Note entered into between Taylor and the Bank contains the following provision:

> Lender may hire or pay someone to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees.

Dkt. No. 19-1. With its motion, the Bank attached an affidavit indicating that the Bank is entitled to an award of $9,106.00 in attorneys' fees. Taylor has not contested the validity of the relevant provision of the Note or reasonableness of the fees expressly requested by the Bank, which the court finds reasonable in light of the support submitted by the Bank. The court, therefore, grants the Bank's motion for attorneys' fees.

### CONCLUSION

For the reasons stated above, the court grants the Bank's motion for default judgment and for attorneys' fees. The Bank is entitled to judgment against Taylor as set forth herein, and the

---

is not on active duty with the military. 50 U.S.C. Appendix § 520.

4

Bank is entitled to an award of attorneys' fees in the amount of $9,106.00. The court denies Taylor's motion to dismiss the Bank's motion.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 29, 2010